# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
JAMES HAYES
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 96-81058-07

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant James Hayes was sentenced on March 7, 2000 to 60 months custody to be followed by a five year term of supervised release following a conviction on Conspiracy to Distribute Cocaine charges. On October 24, 2006 his term of supervised release commenced, only to have his supervised release revoked on January 6, 2005 when he was returned to the Bureau of Prisons for 24 months, followed by a three year term of supervised release. Conditions of Supervised Release included 1) that Defendant obtain his GED within 6 months; 2) that defendant maintain full-time employment, attend an educational program on a full-time basis, or a combination of both totaling 40 hours; that defendant participate in a substance abuse program. (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 14, 2007 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

During the course of his period of supervised release, the defendant, in violation of the conditions and terms of his supervised release was found guilty of Driving While License Suspended, and pled guilty to a reduced charge and was sentenced to 15 months probabion and assessed $1135 in fines and costs. Contrary to his conditions of release the Defendant withheld reporting this law enforcement contact to his supervising office, Ms. Smith, within 72 hours of being arrested. In fact, Ms. Smith did not learn of the arrest and conviction until October 1, 2007. Defendant admitted that he had no intention of disclosing to Ms. Smith information about his arrest. In his written monthly reports, Defendant adamantly denied any law enforcement contact.

Defendant also failed to report police contact on May 24, 2007 when he was questioned by the Brownstown Police Department in connection with a stolen vehicle.

Defendant tested positive for codeine on 2/17/07, 7/19/07 and 9/5/07 and on 7/19/07 he tested positive for codeine and morphine. On March 23, 2007 he was arrested passed out in a car in an inebriated state with a marijuana cigarette in view.

Defendant failed to report for DNA testing on July 26, 2007 and also failed to report for a job search office visit on October 9, 2007.

Defendant is alleged to have failed to attend several drug rehabilitation sessions, failed to report for a random drug screening, and failed to provide proof of legitimate employment. Defendant has been unemployed since September 4, 2007.

Even more troubling is Defendant's failure to maintain a permanent residence. He sometimes stays at his mother's house, a sister's house, another sister's house or his girlfriend's house. Ms. Smith has had a very difficult time keeping track of his whereabouts, and finding him when he fails to comply with his conditions of supervised release.

Although Defendant does make his monthly reports, he only sporadically complies with any of the remainder of his requirements. It appears that his drug usage makes him unreliable and unable to keep his other reporting dates straight. The lack of a stable residence, coupled with his continuum of criminal activities, his drug usage, and his sporadic compliance with conditions of supervised release, and his lack of candor in regard to reporting law enforcement contacts all combine to render him an unreliable risk of flight.

There are no conditions which would assure this defendant's appearance before Judge Cox for his court hearing on the alleged violations on November 19, 2007 at 11:30 a.m.

Therefore, Detention is Ordered.